UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL JR. GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS, *et al.*,<br><br>    Defendants. | Case No.  2:25-cv-2107-DJC-JDP (P)<br><br>ORDER |

      Plaintiff, a state prisoner, brings this action against defendants Todd Phillips, Elizabeth Clark, Cy Winkler, P. Judge, P. Covello, and B. Stacey, all of whom are staff at Mule Creek State Prison.  After review of the amended complaint, I find that, for screening purposes, plaintiff has stated cognizable Eighth Amendment excessive force and failure-to-protect claims against defendants Phillips and Clark.  All other claims are non-cognizable as articulated.  Plaintiff shall indicate whether he desires to proceed only with his Eighth Amendment claims against Phillips and Clark, or delay serving any defendant and file another amended complaint.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**I.  Screening Standards**

      A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

1    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2    claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13   n.2 (9th Cir. 2006) (en banc) (citations omitted).
14        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
21        **II.    Analysis**
22        Plaintiff alleges that, on May 10, 2023, defendant Phillips used excessive force to remove
23   him from his cell, and defendant Clark, who was present, failed to intervene and to protect him.
24   ECF No. 1 at 3.  These allegations state, for screening purposes, cognizable Eighth Amendment
25   claims.
26        Plaintiff's other claims are not cognizable.  He alleges that, after the use-of-force incident,
27   defendants Winkler and Judge forced him to submit to a secondary, false medical evaluation
28   which omitted descriptions of his injuries.  *Id.* at 4.  He claims that this false evaluation was used

to bolster a false rules violation report that defendants Phillips, Clark, and Winkler filed against him. *Id.* It does not appear that plaintiff sustained any cognizable injury from this false medical evaluation, however, as he alleges that he was ultimately found not guilty of the rules violation. *Id.* at 5. The same flaw applies to plaintiff's claims regarding the disciplinary hearing, including the subsequent review of his grievances related thereto. *Id.* at 9.

   Accordingly, it is ORDERED that:

   1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claims against defendants Phillips and Clark or, within that same time, file another amended complaint with the understanding that doing so will delay service of any defendant.

   2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

   3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: September 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3